UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HENRY WALKER, JR., )<br>)<br>Defendant. ) | Cause No. 1:05-cr-0118-01 (B/F) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, Judge, on March 30, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on March 30, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held March 31, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure*. Mr. Walker appeared in person and with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The government appeared by Joe Vaughn, Assistant United States Attorney. Jason Phillips, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, Office of the Indiana Federal Defender, was appointed to represent Mr. Walker in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Walker and his counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Walker was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Walker was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Walker was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Walker was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Walker had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on March 30, 2010.

7. Mr. Dazey stated that Mr. Walker desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Walker then waived the preliminary hearing in writing and was held to answer.

8. Mr. Dazey stated that Mr. Walker would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

9. The parties stated in open Court:

(1) That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Walker's supervised release in open Court that date.

(2) That both the government and Mr. Walker agreed that defendant committed specifications of violations numbered 1, 2 and 4 set forth in the Petition to Revoke defendant's supervised release, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On January 6, 2006, the offender submitted a urine specimen which tested positive for cocaine. He admitted using crack cocaine on January 5, 2006, and explained he recently broke up with his girlfriend and felt lonely (see petition filed January 13, 2006).

On February 15, 2006, the offender submitted a urine specimen which tested positive for cocaine. He denied knowingly using the substance, explaining he placed his cut hand on a counter top, which had an unknown powder on it. He was helping a friend move a couch at an unknown person's house. Kroll Laboratories confirmed the positive result (see petition filed March 17, 2006).

On April 30, 2006, the offender submitted a urine specimen which tested positive for cocaine. He admitted using the substance (see petition filed May 9, 2006).

On June 15, 30, and July 2, 2009, the offender submitted urine specimens which tested positive for cocaine. He admitted using the substance (see petition filed August 11, 2009).

> On August 30, September 5, 17, and 18, 2009, the offender tested positive for cocaine. After the first two positive tests, Mr. Walker was confronted and admitted using cocaine. He stated he had been depressed over his unemployment and marital issues (see petition filed October 5, 2009).
>
> On March 18, 2010, the offender tested positive for cocaine. He admitted to using cocaine with a prostitute after he and wife had an argument.

The Court placed Mr. Walker under oath and directly inquired of Mr. Walker whether he admitted violations of the specifications of his supervised release set forth above. Mr. Walker stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Walker has a relevant criminal history category of II. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Walker constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Walker is 6-12 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Walker's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 10 months. Further, upon release from confinement, Mr. Walker will not be subject to supervised release.

5) Mr. Walker is to begin service of his sentence immediately.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulation.

Ms. Walker's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 10 months. The service of the sentence shall begin immediately. At the conclusion of Mr. Walker's term of confinement, he shall not be subject to supervised release. The Court recommends that the defendant serve his sentence at the Farm Camp at the Terre Haute Penitentiary in Terre Haute, Indiana.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Walker stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Walker entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Walker's supervised release and the sentence imposed of imprisonment of 10 months in the custody of the Attorney General or his designee. Further, that upon Mr. Walker's release from confinement, he will not be subject to supervised release. It is recommended that the defendant serve his sentence at the Farm Camp at the Terre Haute Penitentiary in Terre Haute, Indiana.

IT IS SO RECOMMENDED this 1st day of April, 2010.

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Joe Vaughn,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal